Jeannie Burlsworth, Chair Secure Arkansas Post Office Box 21096 Little Rock, Arkansas 72221
Dear Ms. Burlsworth:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated measure. You have previously submitted similar measures, which I rejected due to ambiguities in the texts of your proposed amendments. See Ops. Att'y Gen. 2008-072 and 2008-056. You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN ACT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS
 Ballot Title AN ACT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS, PROVIDING THAT, EXCEPT AS PROVIDED IN THE ACT OR WHEN EXEMPTED BY FEDERAL LAW, EVERY STATE AGENCY OR POLITICAL SUBDIVISION SHALL VERIFY THE LAWFUL PRESENCE IN THE UNITED STATES OF ANY PERSON FOURTEEN (14) YEARS OF AGE OR OLDER WHO HAS APPLIED FOR A STATE OR LOCAL PUBLIC BENEFIT OR FOR A FEDERAL PUBLIC BENEFIT *Page 2 
THAT IS ADMINISTERED BY A STATE AGENCY OR A POLITICAL SUBDIVISION; DEFINING THE TERM "FEDERAL PUBLIC BENEFIT" TO MEAN THE SAME AS DEFINED IN 8 U.S.C. § 1611(C) AS IT EXISTED ON JANUARY 1, 2008; DEFINING THE TERM "POLITICAL SUBDIVISION" TO MEAN ANY COUNTY, MUNICIPALITY, TOWNSHIP, OR OTHER SPECIFIC LOCAL UNIT OF GOVERNMENT; DEFINING THE TERM "QUALIFIED ALIEN" TO MEAN AN ALIEN WHO, AT THE TIME THE ALIEN APPLIES FOR, RECEIVES, OR ATTEMPTS TO RECEIVE A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION, MEETS ONE (1) OR MORE OF THE CRITERIA ESTABLISHED IN 8 U.S.C. § 1641(B) AS IT EXISTED ON JANUARY 1, 2008; DEFINING THE TERM "STATE AGENCY" TO MEAN ANY OFFICE, DEPARTMENT, BOARD, COMMISSION, BUREAU, DIVISION, PUBLIC CORPORATION, AGENCY, OR INSTRUMENTALITY OF THIS STATE, INCLUDING WITHOUT LIMITATION A PUBLIC INSTITUTION OF HIGHER EDUCATION; DEFINING "STATE OR LOCAL PUBLIC BENEFIT" TO MEAN THE SAME AS DEFINED IN 8 U.S.C. § 1621(C) AS IT EXISTED ON JANUARY 1, 2008, AND PROVIDING THAT A STATE OR LOCAL PUBLIC BENEFIT SHALL INCLUDE THE INITIAL APPLICATION FOR ANY BUSINESS LICENSE GRANTED UNDER ARKANSAS LAW, EXCLUDING PROFESSIONAL LICENSES, BUT SHALL NOT INCLUDE THE RENEWAL OF A BUSINESS OR PROFESSIONAL LICENSE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR THE FOLLOWING: (1) ANY PURPOSE FOR WHICH LAWFUL PRESENCE IN THE UNITED STATE IS NOT RESTRICTED BY LAW, ORDINANCE, OR REGULATION TO OBTAIN A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION, (2) ASSISTANCE FOR HEALTH CARE ITEMS AND SERVICES *Page 3 
THAT ARE NECESSARY FOR THE TREATMENT OF AN EMERGENCY MEDICAL CONDITION OF THE PERSON INVOLVED AND ARE NOT RELATED TO AN ORGAN TRANSPLANT PROCEDURE, (3) SHORT-TERM, NONCASH, IN-KIND EMERGENCY DISASTER RELIEF, (4) PUBLIC HEALTH ASSISTANCE FOR IMMUNIZATIONS WITH RESPECT TO DISEASES AND FOR TESTING AND TREATMENT OF SYMPTOMS OF A COMMUNICABLE DISEASE WHETHER OR NOT THE SYMPTOMS ARE CAUSED BY A COMMUNICABLE DISEASE, (5) PROGRAMS, SERVICES, OR ASSISTANCE THAT DELIVER IN-KIND SERVICES AT THE COMMUNITY LEVEL, DO NOT CONDITION THE PROVISION OF ASSISTANCE, THE AMOUNT OF ASSISTANCE PROVIDED, OR THE COST OF ASSISTANCE PROVIDED ON THE INCOME OR RESOURCES OF THE INDIVIDUAL RECIPIENT, AND ARE NECESSARY FOR THE PROTECTION OF LIFE OR SAFETY, (6) PRENATAL CARE, OR (7) ENROLLMENT IN A PUBLIC SCHOOL DISTRICT; PROVIDING THAT AN APPLICANT FOR A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR A POLITICAL SUBDIVISION SHALL EXECUTE AN AFFIDAVIT UNDER PENALTY OF PERJURY THAT HE OR SHE IS A UNITED STATES CITIZEN OR A QUALIFIED ALIEN; PROVIDING THAT ELIGIBILITY OF A PERSON CLAIMING IN AN AFFIDAVIT TO BE A UNITED STATES CITIZEN OR A QUALIFIED ALIEN SHALL BE VERIFIED THROUGH THE SYSTEMATIC ALIEN VERIFICATION FOR ENTITLEMENTS PROGRAM; PROVIDING THAT THE AFFIDAVIT SHALL BE PRESUMED TO BE PROOF OF LAWFUL PRESENCE IN THE UNITED STATES AND RECEIPT OF PUBLIC BENEFITS MAY BE AUTHORIZED PENDING THE ELIGIBILITY VERIFICATION; PROVIDING THAT AN AGENCY OR POLITICAL SUBDIVISION THAT OBTAINS AN AFFIDAVIT FROM AN APPLICANT SHALL NOT BE IN VIOLATION OF THE ACT; PROVIDING THAT ANY PERSON *Page 4 
WHO KNOWINGLY MAKES A FALSE, FICTITIOUS, OR FRAUDULENT STATEMENT IN AN AFFIDAVIT IS SUBJECT TO CRIMINAL PENALTIES FOR FRAUDULENTLY OBTAINING PUBLIC BENEFITS; PROVIDING THAT IF THE AFFIDAVIT CONSTITUTES A FALSE CLAIM OF UNITED STATES CITIZENSHIP OR QUALIFIED ALIEN STATUS, A COMPLAINT SHALL BE FILED BY THE STATE AGENCY OR POLITICAL SUBDIVISION REQUIRING THE AFFIDAVIT WITH UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; PROVIDING THAT AN INDIVIDUAL WHO IS NOT LAWFULLY PRESENT IN THE UNITED STATES SHALL NOT BE ELIGIBLE ON THE BASIS OF RESIDENCE WITHIN THE STATE FOR ANY POSTSECONDARY EDUCATION BENEFIT, INCLUDING WITHOUT LIMITATION SCHOLARSHIPS OR FINANCIAL AID, AND RESIDENT TUITION; PROVIDING THAT THE INITIAL ISSUANCE OF ANY VEHICLE REGISTRATION OR CERTIFICATE OF TITLE SHALL NOT BE MADE UNLESS THE APPLICANT DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD; PROVIDING THAT THE PRESENTATION OF A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD WHEN APPLYING FOR VEHICLE REGISTRATION OR A CERTIFICATE OF TITLE IS SUPPLEMENTAL TO OTHER ARKANSAS LAWS; AND PROVIDING THAT THE ACT SHALL BECOME EFFECTIVE ON JULY 4, 2009.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure. *Page 5 
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed act. See Arkansas Women's PoliticalCaucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938
(1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990);Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, *Page 6 
however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558,339 S.W.2d 104 (1960).
Applying the above precepts, I conclude that the popular name you have submitted — AN ACT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS" — is sufficient. It is therefore hereby approved.
In my opinion, however, a more suitable, complete, and correct ballot title should be substituted for the one you have proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN ACT REQUIRING STATE AGENCIES, COUNTIES, CITIES, AND OTHER LOCAL UNITS OF GOVERNMENT TO VERIFY THE LAWFUL PRESENCE IN THE UNITED STATES OF ANY PERSON FOURTEEN (14) YEARS OF AGE OR OLDER WHO HAS APPLIED FOR CERTAIN FEDERAL, STATE OR LOCAL PUBLIC BENEFITS; PROVIDING THAT PERSONS NOT LAWFULLY PRESENT IN THE UNITED STATES SHALL NOT BE ELIGIBLE ON THE BASIS OF RESIDENCE WITHIN ARKANSAS FOR ANY POSTSECONDARY EDUCATION BENEFIT, INCLUDING SCHOLARSHIPS, FINANCIAL AID, *Page 7 
AND RESIDENT TUITION; PROHIBITING THE INITIAL REGISTRATION OR TITLING OF A VEHICLE UNLESS THE APPLICANT PRESENTS A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD; REQUIRING AN APPLICANT FOR A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION TO AFFIRM UNDER PENALTY OF PERJURY THAT HE OR SHE IS A UNITED STATES CITIZEN OR A QUALIFIED ALIEN; DEFINING "QUALIFIED ALIEN" CONSISTENT WITH FEDERAL LAW TO MEAN AN ALIEN WHO IS LAWFULLY ADMITTED FOR PERMANENT RESIDENCE UNDER THE FEDERAL IMMIGRATION AND NATIONALITY ACT OR WHO OTHERWISE MEETS ONE OF THE CRITERIA IN 8 U.S.C. § 1641(b) AS IT EXISTED ON JANUARY 1, 2008; DEFINING "FEDERAL PUBLIC BENEFIT" AND "STATE OR LOCAL PUBLIC BENEFIT" TO MEAN THE SAME AS DEFINED IN FEDERAL LAW AS IT EXISTED ON JANUARY 1, 2008, WHICH INCLUDES GRANTS, CONTRACTS, LOANS, PROFESSIONAL AND COMMERCIAL LICENSES, AND PAYMENTS OR ASSISTANCE FOR CERTAIN BENEFITS INCLUDING RETIREMENT, WELFARE, HEALTH, DISABILITY, HOUSING, POSTSECONDARY EDUCATION, FOOD ASSISTANCE, OR UNEMPLOYMENT; BUT EXCLUDING PROFESSIONAL LICENSES AND THE RENEWAL OF BUSINESS LICENSES FROM THE DEFINITION OF "STATE OR LOCAL PUBLIC BENEFIT;" PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR ANY PURPOSE FOR WHICH LAWFUL PRESENCE IN THE UNITED STATES IS NOT RESTRICTED BY LAW, ORDINANCE, OR REGULATION TO OBTAIN A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR EMERGENCY MEDICAID, FOR SHORT-TERM, *Page 8 
IN-KIND EMERGENCY DISASTER RELIEF, FOR PUBLIC HEALTH ASSISTANCE FOR IMMUNIZATIONS AND TESTING AND TREATMENT OF COMMUNICABLE DISEASE SYMPTOMS, FOR PROGRAMS THAT DELIVER IN-KIND SERVICES AT THE COMMUNITY LEVEL WITHOUT REGARD TO THE RECIPIENT'S INCOME AND THAT ARE NECESSARY FOR THE PROTECTION OF LIFE OR SAFETY, FOR PRENATAL CARE, OR FOR ENROLLMENT IN A PUBLIC SCHOOL DISTRICT; PROVIDING THAT ELIGIBILITY OF A PERSON CLAIMING IN AN AFFIDAVIT TO BE A UNITED STATES CITIZEN OR A QUALIFIED ALIEN SHALL BE VERIFIED THROUGH THE SYSTEMATIC ALIEN VERIFICATION FOR ENTITLEMENTS PROGRAM OPERATED BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ESTABLISHING A PRESUMPTION OF ELIGIBLITY BASED UPON SUCH AFFIDAVIT AND AUTHORIZING THE RECEIPT OF PUBLIC BENEFITS PENDING THE ELIGIBILITY VERIFICATION; SUBJECTING ANY PERSON WHO KNOWINGLY FALSIFIES AN AFFIDAVIT TO CRIMINAL PENALTIES FOR FRAUDULENTLY OBTAINING PUBLIC BENEFITS; REQUIRING THE STATE AGENCY OR POLITICAL SUBDIVISION ADMINISTERING PUBLIC BENEFITS TO FILE A COMPLAINT WITH UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT IF AN AFFIDAVIT CONSTITUTES A FALSE CLAIM OF UNITED STATES CITIZENSHIP OR QUALIFIED ALIEN STATUS; REQUIRING EACH SUCH STATE AGENCY AND POLITICAL SUBDIVISION TO DOCUMENT THE TYPES AND DOLLAR AMOUNT OF BENEFITS PROVIDED TO PERSONS WHO ARE FOUND TO BE PRESENT IN THE UNITED STATES UNLAWFULLY, TO MONITOR THE SYSTEMATIC ALIEN VERIFICATION FOR ENTITLEMENTS PROGRAM, AND TO FILE ANNUAL REPORTS WITH THE GENERAL ASSEMBLY AND THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; AND MAKING THE ACT EFFECTIVE ON JULY 4, 2009. *Page 9 
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General